

USDS...Y
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/24/07

# MEMORANDUM

RECEIVED
JUL 2 0 2007
JUDGE KAPLAN'S CHAMBERS

TO:     Honorable Lewis A. Kaplan
        U.S. District Judge

FROM: Carlos Ramirez
        U.S. Pretrial Services Officer

RE: USA v. Nunez-Solano et al
DOCKET #: 1-07-CR-463-02(LAK)

The attached memorandum was prepared by Pretrial Services Officer

| Carlos Ramirez | 212-805-4136 |
|---|---|
| Name | Phone Number |

will present to Your Honor significant details about the Bail Conditions which were imposed on the above-name defendant.

We are requesting direction from the Court. Please initial the appropriate box(es) and return this form to us so that we may comply with your instructions.

[ ]     I have reviewed the information that you have supplied. I do not believe that this matter requires any action by the Court at this time.

[ ]     My office will inform all parties concerned that I will conduct a Bail Review Hearing in Courtroom # _____ on _____ at _____ .
                                          Date                      Time

[✓]     I request that a Bail Review Hearing be conducted by:

        [✓]     The presiding Magistrate Judge in courtroom # 5A.

        [ ]     The District Court Judge presiding in Part I.

        [ ]     _____ Judicial Officer _____ at his/her earliest convenience.

[ ]     So ordered: _____ Judicial Officer _____ Date: 7/24/07



# M E M O R A N D U M

**To:**  Honorable Lewis A. Kaplan
U.S. District Judge

**Fr:**  Carlos Ramirez
U.S. Pretrial Services Officer
Drug and Alcohol Treatment Specialist
212-805-4136

**Re:**  U.S.A. vs Nunez-Solano et al
James Skagerberg
07-CR-463-02(LAK)
Bail Violations - Request for a Bail Revocation Hearing

**Date:**  July 20, 2007

This memorandum will serve to update the Court as to the defendant's adjustment to Pretrial supervision.

On 5/8/07, the defendant was arrested and charged with Conspiracy to Distribute Narcotics - Cocaine.  On 5/9/07, the defendant appeared before U.S. Magistrate Judge Michael H. Dolinger and was released on the following bail conditions: a $100,000 percentage bond secured by $5,000 cash co-signed by 1 financially responsible person (his mother); strict Pretrial Services supervision to include drug testing and treatment; travel restricted to the SD/NY, ED/NY, and Bergen and Union Counties in New Jersey; and the surrender of travel documents and no new applications.

On 5/23/07, the indictment in this case was filed and the case was assigned to Your Honor.  On 5/30/07, the defendant appeared before Your Honor, pled not guilty and had his bail modified to include mental health counseling.

It should be noted that the defendant has tested positive for illegal drugs on the following dates: 5/18/07 - Cocaine, 5/24/07 - Cocaine and Methamphetamine, 5/30/07 - Cocaine, and 6/4/07 - Cocaine.  It should also be noted that the defendant was referred to out-patient drug/mental health counseling on 6/8/07 for an intake assessment and then to immediately begin individual out-patient drug treatment counseling.  On 6/8/07, the defendant failed to attend his intake appointment and was rescheduled for 6/13/07.   On 6/11/07 the defendant again tested positive for cocaine.  The defendant then attended his

U.S.A. vs Nunez-Solano et al
James Skagerberg
07-CR-463-02(LAK)

6/13/07 intake appointment.   On 6/26/07 and 7/5/07 the defendant tested positive for cocaine.

The defendant who was scheduled for weekly individual out-patient counseling, failed to attend his weekly sessions on 6/28/07, and 7/2/07.

On 7/11/07, the defendant appeared before Your Honor and pled guilty to Narcotics Conspiracy.  The defendant is now scheduled to be sentenced by Your Honor on 10/11/07.

On 7/16/07, the defendant tested positive for cocaine and was then scheduled to be picked up for in-patient drug treatment on 7/19/07.  The defendant telephoned this Officer the morning of 7/19/07 and informed that he had diarrhea, had neck pains and back pains and could not bring his clothing to our office and also informed that he did not have carfare to take a taxi-cab to our office so he could not enter into the in-patient drug treatment program.  This officer informed the defendant that he should report to our office via the subway and that we would speak with the driver from the in-patient drug treatment program and that we would ask the driver to pick up his clothing from his home.  The defendant then informed that he would come into our office.  Approximately 30 minutes later, the defendant telephoned this officer and informed that he had discovered blood in his urine and that he would be admitting himself into a hospital and that he would discuss in-patient with this officer after he is released for the hospital.

This officer has struggled with this defendant in placing him into out-patient drug treatment and now that we have referred the defendant to much needed in-patient drug treatment, the defendant continues to struggle with our office in our effort to place him into a suitable substance abuse treatment program.  It should be noted that the in-patient drug treatment program, Daytop Village, located in Rhinebeck, New York, sent a driver and an escort to pick up the defendant and after driving approximately 2 to 3 hours to our office, did not pick up the defendant.  Furthermore, this officer has had numerous discussions with the defendant regarding his substance abuse problem and have informed him that his failure to abide with the Court's directives could result in his remand.  The defendant's response to this officer is that he will kill himself before he is placed in prison and he further informed that he will commit suicide just like his father did.

U.S.A. vs Nunez-Solano et al
James Skagerberg
07-CR-463-02(LAK)

*Given the defendant's repeated failure to abide by the Court's directives and his inability to understand the seriousness of his violating state laws by purchasing, possessing illegal substances and his threat of personal harm, we respectfully request that a bail revocation hearing be convened and that the defendant who has already pled guilty to narcotics violation charges be remanded.*

*submitted by,*

*Carlos Ramirez*
*U.S. Pretrial Services Officer*
*Drug and Alcohol Treatment Specialist*

*reviewed by,*

*Sharon Regis, Supervising*
*U.S. Pretrial Services Officer*

*cc: Michael Quinn English*
*Assistant U.S. Attorney*

*Daniel Meyers*
*Defense Counsel*

*Zondra Wilson*
*U.S. Probation Officer*